## Peterson v. Board of Commissioners of Radnor Township

*Joseph R. Young,* for petitioners.

*Fronefield Crawford* and *Sondra K. Slade,* for respondent.

*Robert E. Porter,* for intervenors.

DeFURIA, J., March 22, 1971.—Petitioners appeal from the enactment by the Township of Radnor of Zoning Ordinance No. 1458, which rezoned some 56 acres from R-1 Residence District to PL-Planned Laboratory-Office Districts.

Petitioners' sole objection is the failure of the intervenors, owners of the ground, to accompany their application for rezoning with a plan showing the overall development of the tract. A direct appeal to the court of common pleas is permitted where procedural defects in the adoption of the zoning ordinance are alleged, under the Municipalities Planning Code: Roeder v. Hatfield Bor. Council, 439 Pa. 241 (1970).

The alleged basis for the "Development Plan" is section 1904, art. XIX, Special Regulations for Planned Districts, which provides, in part, under "Administration":

"1. A request for amendment, or in the case of an area designated PA, PB or PL prior to a specific request, an application for a building or use permit involving a use other than a single-family dwelling, or a Unified Group of Buildings, shall be accompanied by:

"a. A Plan or plans for the integrated or overall development of the tract of land or district for which an application is made, which shall comply with the requirements of the Radnor Township Subdivision Ordinance and be subject to review by the Planning Commission in accordance with provisions of the Subdivision Ordinance.

"b. Sufficient data in all instances to enable the Township to determine that the proposed plan and use comply with the requirements of the district and any other pertinent requirements of the Zoning Ordinance."

Appellants aver that this provision is mandatory, and the failure to accompany the application with a plan is a fatal procedural defect. Several questions immediately arise.

What kind of plan is required? Clearly, any plan would refer to use, and not to building, since the township zoning code provides for building plans. As to use, need the plan be detailed or only general? Must it be in writing?

The intervenors say that a plan was submitted to the township commissioners and to the planning commission, and approved by both bodies. It would appear that the "plan" submitted would comply with the ordinance. Zoning laws are to be strictly construed and any fair, reasonable doubt as to the existence of power is resolved against its existence: Eves v. Zoning Board of Adjustment, 401 Pa. 211, 164 A. 2d 7 (1960).

The plan requirement of section 1904 of the ordinance appears under the "Administration" provisions of the ordinance. It appears that the township may require a plan to accompany an application for rezoning, but if it does not, is this an effective waiver?

The issue may be posed by asking if the ordinance grants to the township alone the right to demand a plan. Both constructions (that the right to require a plan or to waive this requirement rests in the township) are permissible under a liberal construction of the ordinance.

Further, the enabling statute, the Municipalities Planning Code of July 31, 1968, sec. 609, 53 PS §10609, merely provides, as to zoning ordinance amendments, that there be a public hearing on the proposed amendment which shall have been submitted to the municipality's planning agency at least 30 days prior thereto. If the plan requirement is fundamental, then the township has gone beyond the requirements of the enabling law.

"A zoning ordinance is confined by the limitations fixed in the enabling statute, and a particular zoning ordinance or provision thereof may be declared void because it exceeds the power granted by the zoning statutory or charter provision": Kline et al. v. Harrisburg et al., 362 Pa. 438, 68 A. 2d 182; Eves v. Zoning Board of Adjustment, supra; McQuillan, Municipal Corporations, vol. 8, sec. 25.71, p. 187. In this light, the decision of the Board of Commissioners of Radnor Township not to require compliance with section 2106 cannot be the basis for the invalidation of the amendatory ordinance.

A plan covering multiple use for some 56 acres would be of some magnitude, entailing considerable expense. Generally, and in this case in particular, the cost and effort of title searches, surveys, engineering studies, traffic surveys, landscape planning, et cetera, would be prohibitive in view of the problematic grant of the zoning amendment. The validity of such a requirement would be questionable. An ordinance must be reasonable and not arbitrary or

oppressive in its objects, terms, operation or effect: McQuillan, sec. 25.60, p. 148.

We feel that the plan provision is directory only.

Finally, does the objection raised here go to alleged procedural defects in the passage of the ordinance or to its merits? The plan which appellants aver must be part of the application for rezoning would become a part of the ordinance itself, or the requirement of a plan would have no meaning. If so, then this appeal is directed to the ordinance itself and not to the procedure in its adoption. Such objection cannot be brought to this court by direct appeal. See Roeder v. Hatfield Boro. Council, supra, and Appeal of Thornbury Township, No. 117 of 1970, filed October 30, 1970, of this court.

For the reasons above, we

## ORDER

This day of March 22, 1971, that the appeal of Howard C. Petersen and Elizabeth W. Petersen, petitioners, be and is hereby refused and dismissed.